## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; and GILEAD SCIENCES, INC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. _____ |
| v. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| CURIA MISSOURI, INC., AND CURIA GLOBAL, INC. | ) ) ) | REDACTED |
| Defendants. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Astellas US LLC and Astellas Pharma US, Inc. (collectively, "Astellas") and Gilead Sciences, Inc. ("Gilead") (Astellas and Gilead, collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.     This is an action of patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Curia Missouri, Inc. ("Curia Missouri") and Curia Global, Inc. (collectively, "Curia").

2.     This action relates to United States Patent No. 6,403,567 ("the '567 patent") relating to the A2A adenosine receptor agonist regadenoson.

## PARTIES

3.     Plaintiff Astellas US LLC is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062.

4.      Plaintiff Astellas Pharma US, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1 Astellas Way, Northbrook, IL 60062.

5.      Plaintiff Gilead Sciences, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, CA 94404.

6.      Plaintiffs are engaged in the business of creating, developing, and bringing to market revolutionary pharmaceutical products to help patients prevail against serious diseases, including diagnostic pharmacologic stress agents.  Plaintiffs sell Lexiscan® in this judicial district and throughout the United States.

7.      Upon information and belief, Curia Missouri Inc. is a corporation organized and existing under the laws of Delaware, with a registered agent in the state of Delaware located at 1209 Orange Street, Wilmington, DE 19801.

8.      Upon information and belief, Curia Global, Inc. is a corporation organized and existing under the laws of Delaware, with a registered agent in the state of Delaware located at 1209 Orange Street, Wilmington, DE 19801.

## **JURISDICTION AND VENUE**

9.      This case arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      This Court has personal jurisdiction over Curia Missouri Inc.  Curia Missouri is a corporation organized and existing under the laws of the State of Delaware, and has systematic and continuous contacts with this judicial district.  The Court also has personal jurisdiction over Curia Missouri because the acts of patent infringement are aimed at this judicial district and/or

2

have effect in this judicial district, including harm and injury to Plaintiffs.  For example, Plaintiffs Astellas US LLC and Astellas Pharma US manufacture drug products covered by the '567 patent for sale and use throughout the United States, including the State of Delaware.

11.     This Court has personal jurisdiction over Curia Global, Inc.  Curia Global, Inc. is a corporation organized and existing under the laws of the State of Delaware, and has systematic and continuous contacts with this judicial district.  The Court also has personal jurisdiction over Curia Global, Inc. because the acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district, including harm and injury to Plaintiffs.  For example, Plaintiffs Astellas US LLC and Astellas Pharma US manufacture drug products covered by the '567 patent for sale and use throughout the United States, including the State of Delaware.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PATENTS-IN-SUIT

13.     On June 11, 2002, the United States Patent and Trademark Office duly and legally issued the '567 patent, entitled "N-Pyrazole A2A Adenosine Receptor Agonists."  A true and correct copy of the '567 patent is attached hereto as Exhibit A.  The claims of the '567 patent are valid, enforceable, and not expired.

14.     Gilead owns the entire right, title, and interest in the '567 patent by assignment.

15.     Astellas US LLC is the exclusive licensee of the '567 patent.

16.     Astellas Pharma US, Inc. is the holder of New Drug Application (NDA") No. 022161, by which the FDA granted approval for the marketing and sale of 0.4 mg/5 mL (0.08 mg/mL) intravenous solution of regadenoson.  Plaintiffs market 0.4 mg/5 mL (0.08 mg/mL) intravenous solution of regadenoson in the United States, under the trade name "Lexiscan®."  The FDA's official publication of "Approved Drug Products with Therapeutic Equivalence

Evaluation" (commonly referred to as the "Orange Book") includes the '567 patent within its entry for Lexiscan®.

17.     Lexiscan® is a pharmacologic agent used in a cardiac nuclear stress test. Lexiscan® works by increasing blood flow in the coronary arteries.  Lexiscan® is given prior to a myocardial perfusion imaging (MPI) test, a type of cardiac stress test which provides physicians with detailed information about blood flow into a patient's heart.  Approximately half of the people undergoing a cardiac stress test are unable to use a treadmill or stationary bicycle because of medical conditions.  Lexiscan® may be used when a person is unable to exercise enough to increase blood flow to the heart during a cardiac nuclear stress test.

18.     The prescribing information for Lexiscan® identifies the drug as "a pharmacological stress agent indicated for radionuclide myocardial perfusion imaging (MPI) in patients unable to undergo adequate exercise stress." A true and correct copy of the complete prescribing information for Lexiscan® approved in NDA No. 022161 is attached as Exhibit B.

19.     The '567 patent claims a compound having the formula corresponding to regadenoson, as well as a pharmaceutical composition comprising the compound regadenoson.

## INFRINGEMENT BY CURIA

20.     Upon information and belief, Curia Missouri Inc. is the holder of Drug Master File "DMF" Number 30542 with the subject regadenoson.

21.     Upon information and belief, Curia Missouri Inc.'s predecessor, Euticals Inc., submitted DMF 30542 to the FDA on or about May 10, 2016.  A true and correct excerpt of the Third Quarter 2021 List of Drug Master Files available on the FDA website at https://www.fda.gov/drugs/drug-master-files-dmfs/list-drug-master-files-dmfs is attached as Exhibit C.

4

22.    Upon information and belief, FDA's Completeness Assessment Review Date for Curia Missouri's DMF 30542 occurred on May 24, 2018.  A true and correct excerpt of FDA's October 2021 MF User Fee Obligation Report available on the FDA website at https://www.fda.gov/media/85138/download is attached as Exhibit D.

23.    Upon information and belief, Curia Missouri manufactures the Active Pharmaceutical Ingredient regadenoson (the "Curia Regadenoson Product") in its Springfield, Missouri facility.  A true and correct copy of Curia's Commercial Manufacturing API Catalog available at https://curiaglobal.com/wp-content/uploads/2021/07/Curia_API_ProductCatalog_20210707.pdf is attached as Exhibit E.

24.    Upon information and belief, Curia Global, Inc., either directly or through its subsidiaries, agents, and/or affiliates, sells or offers for sale the Curia Regadenoson Product within the United States.  *See* Exhibit E.

25.    Upon information and belief, Curia Missouri has manufactured the Curia Regadenoson Product in its Springfield, Missouri facility for uses not covered by the Safe Harbor provision of the Patent Act, 35 U.S.C. § 271(e)(1), including manufacturing the Curia Regadenoson Product ████████████████████████████████████ ████████

## COUNT I

### (INFRINGEMENT OF THE '567 PATENT)

26.    Each of the preceding paragraphs 1 to 25 is incorporated as if fully set forth herein.

27.    Curia has directly infringed, and continues to infringe, one or more claims of the '567 patent, including at least exemplary claims 1 and 8[1], in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, or selling their infringing Curia Regadenoson Product within the United States.

28.    For example, on information and belief, Curia's Regadenoson Product is a compound having the formula:

wherein $R^1$ is—CH2OH; $R^2$ and $R^4$ are each hydrogen; $R^3$ is selected from the group consisting of $CO_2R^{20}$, —$CONR^7R^8$ and aryl wherein the aryl substituent is optionally substituted with from 1 to 2 substituents independently selected from the group consisting of halo, $C_{1-6}$ alkyl, $CF_3$ and $OR^{20}$; $R^7$ is selected from the group consisting of hydrogen, $C_{1-8}$ alkyl and aryl, wherein the alkyl and aryl substituents are optionally substituted with one substituent selected from the group consisting of halo, aryl, $CF_3$, CN, and $OR^{20}$ and wherein each optional aryl substituent is optionally substituted with at least one substituent selected from the group consisting of halo, alkyl, $CF_3$ CN, and $OR^{20}$; $R^8$ is selected from the group consisting of hydrogen and $C_{1-8}$ alkyl;

---

[1] Plaintiffs will identify all asserted claims of the '567 patent in accordance with the Court's Local Rules and/or scheduling order.

and $R^{20}$ is selected from the group consisting of hydrogen and $C_{1-8}$ alkyl. Thus, the Curia Regadenoson Product falls within the scope of at least claim 1 of the '567 patent.

29.   For example, on information and belief, Curia's Regadenoson Product is a compound having the formula:

wherein $R^1$ is—$CH_2OH$; $R^2$ and $R^4$ are each hydrogen; $R^3$ is—$CONR^7R^8$; $R^7$ is methyl; and $R^8$ is hydrogen.  Thus, the Curia Regadenoson Product falls within the scope of at least claim 8 of the '567 patent.

30.   Upon information and belief, Curia's infringement has been and is being conducted with full knowledge of the '567 patent.

31.   Upon information and belief, Curia's infringement of the '567 patent has been willful and deliberate.  Plaintiffs have been and continue to be damaged and otherwise harmed by such willful infringement.

32.   Plaintiffs have no adequate remedy at law to redress the infringement by Curia.

33.   Plaintiffs will be irreparably harmed if Curia is not enjoined from infringing the '567 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1.      A judgment that Curia has infringed the '567 patent by making, using, offering to sell, or selling in the United States the Curia Regadenoson Product, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271;

2.      An order preliminarily and permanently enjoining Curia, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors, sellers and consumers, from continuing acts of infringement of the '567 patent;

3.      An award of damages or other monetary relief in an amount sufficient to compensate Plaintiffs for Curia's infringement of the '567 patent, together with pre- and post-judgment interest and costs under 35 U.S.C. § 284;

4.      A finding that Curia's infringement has been willful trebling the damages awarded to Plaintiffs under 35 U.S.C. § 284;

5.      A declaration that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant;

6.      An accounting of Curia's infringing activities through trial and judgment; and

7.      Such further and other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Dated: February 14, 2022

Of Counsel:

Lisa M. Ferri
Manuel J. Velez
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
lferri@mayerbrown.com
mvelez@mayerbrown.com

*Counsel for Plaintiff Gilead Sciences, Inc.*

Jason Leonard
McDermott Will & Emory
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
jleonard@mwe.com

*Counsel for Plaintiffs Astellas US LLC and
Astellas Pharma US, Inc.*

FISH & RICHARDSON P.C.

By: */s/ Kelly A. Del Dotto*
 Douglas E. McCann (#3852)
 Robert M. Oakes (#5217)
 Kelly Allenspach Del Dotto (#5969)
 222 Delaware Avenue, 17th Floor
 Wilmington, DE 19801
 (302) 652-5070
 dmccann@fr.com
 oakes@fr.com
 kad@fr.com

W. Chad Shear (#5711)
Kelly N. Williams
Fish & Richardson P.C.
123860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070
shear@fr.com
nwilliams@fr.com

Elizabeth M. Flanagan (#5891)
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
(612) 335-5070
betsy.flanagan@fr.com

*Counsel for Plaintiffs Astellas US LLC,
Astellas Pharma US, Inc. and Gilead
Sciences, Inc.*

9